# EXHIBIT B

# Proposed Interim Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REAL MEX RESTAURANTS, INC., *et al.*, | ) | Case No. 11-13122 ( ) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | |

**INTERIM ORDER: (I) PROHIBITING UTILITIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE; (II) ESTABLISHING PROCEDURES FOR DETERMINING ADEQUATE ASSURANCES OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR THE UTILITIES TO OPT OUT OF THE DEBTORS' PROPOSED PROCEDURES FOR ADEQUATE ASSURANCE**

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (the "Debtors") seeking entry of an interim order under 11 U.S.C. §§ 105(a) and 366: (a) approving the Debtors' proposed procedures for offering adequate assurance to their Utility Providers and determining (i) that upon payment of the Adequate Assurance Deposit the Utility Providers have been provided with adequate assurance of payment within the meaning of section 366 of the Bankruptcy Code, and (ii) that the Debtors are not required to provide any additional adequate assurance beyond what is proposed by this Motion, pending further order of the Court; (b) approving the Debtors' proposed procedures whereby Utility Providers may request additional or different adequate assurance or may seek to opt out of the Debtors' proposed adequate assurance procedures; and (c) prohibiting the Utility Providers from altering,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' federal tax identification numbers, are: Real Mex Restaurants, Inc. (2902); RM Restaurant Holding Corp. (2217); Acapulco Mark Corp. (3570); Acapulco Restaurant of Downey, Inc. (2910); Acapulco Restaurant of Moreno Valley, Inc. (4606); Acapulco Restaurant of Ventura, Inc. (3626); Acapulco Restaurant of Westwood, Inc. (1162); Acapulco Restaurants, Inc. (4897); ALA Design, Inc. (8584); Chevys Restaurants, LLC (2992); CKR Acquisition Corp. (8287); El Paso Cantina, Inc. (0112); El Torito Franchising Company (2754); El Torito Restaurants, Inc. (7059); Murray Pacific (1596); Real Mex Foods, Inc. (8585); and TARV, Inc. (8081). The Debtors' headquarters and mailing address is: 5660 Katella Avenue, Suite 100, Cypress, CA 90630.

refusing or discontinuing services on account of prepetition amounts outstanding or on account of any perceived inadequacy of the Debtors' proposed adequate assurance pending further order of the Court; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties-in-interest and that a failure to enter this order will result in irreparable harm meaning that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and it appearing that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 and venue pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and notice of the Motion and the opportunity for a hearing on the Motion was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

ORDERED that the Motion is GRANTED, as set forth herein, on an interim basis pending a final hearing thereon, which is hereby scheduled for _____ __.M. on _____, 2011, with any objection to be filed and served so as to be received on or before _____ __.M. on _____, 2011; and it is further

ORDERED that the Additional Adequate Assurance Procedures set forth in paragraph 13 of the Motion are incorporated herein by reference and are approved; and it is further

ORDERED that, absent compliance with the Additional Adequate Assurance Procedures set forth in paragraph 14 of the Motion, the Utility Providers are (i) forbidden to discontinue, alter or refuse service on account of any unpaid prepetition charges and (ii) deemed to have received adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and it is further

ORDERED that a Utility Provider who requests and accepts an Adequate Assurance Deposit shall be deemed to have stipulated that this deposit constitutes adequate assurance of future payment; and it is further

ORDERED that any Utility Provider that receives an Adequate Assurance Deposit shall be required to return this deposit to the Debtors within 15 days of the earlier of (i) the consummation of a sale of all or substantially of the Debtors' assets, (ii) the effective date of any confirmed plan of reorganization or plan of liquidation, (iii) the closing of the utility account relating to such Adequate Assurance Deposit.; and it is further

ORDERED that to the extent a Utility Provider has demanded adequate assurance in addition to the Adequate Assurance Deposit, such Utility Provider shall be deemed to have adequate assurance of payment unless and until (i) the Debtors agree to an Additional Assurance Request or agree to an alternative assurance of payment with the Utility Provider during the Resolution Period or (ii) this Court enters an order requiring that additional adequate assurance of payment be provided; and it is further

ORDERED that any Utility Provider who objects to the Procedures outlined in the Motion must file an objection to such Procedures as set forth in paragraphs 15 and 16 of the Motion, which are incorporated herein by reference; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

ORDERED that the requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED that not withstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that nothing in this order shall be deemed to vacate or modify any other restrictions on the termination of service by a Utility Provider as provided by sections 362 and 365 of the Bankruptcy Code or other applicable law. Nothing herein or in the Motion shall constitute postpetition assumption or adoption of any agreement pursuant to section 365 of the Bankruptcy Code, nor shall anything herein be deemed a waiver by the Debtor or any other party of any rights with respect to the assumption or rejection of an executory contract; and it is further

ORDERED that notwithstanding anything to the contrary contained herein, (a) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving debtor-in-possession financing and allowing use of cash collateral (a "DIP Order") entered in these Chapter 11 Cases, including the Approved Budget (as defined in the DIP Order), and (b) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security interests and priorities granted to the DIP Lenders and the DIP Agent (as defined in the DIP Order), and to the Prepetition First Lien Secured Agent and Prepetition First Lien Secured Parties (as defined in the DIP Order) as adequate protection for the use of their cash collateral pursuant to, in accordance with and subject to the terms of the applicable DIP Order, and payment on any such claim shall

4

be subject to any and all restrictions on payments in the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral; and it is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Wilmington, Delaware
Dated: _____, 2011

_____
United States Bankruptcy Judge

5

DOCS_DE:173644.1 73521-001