IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REAL MEX RESTAURANTS, INC., *et al.*, | ) | Case No. 11-13122 ( ) |
| | ) | |
| | ) | (Joint Administration Requested) |
| Debtors.[1] | ) | |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING UNDER SEAL OF PROPOSED DEBTOR-IN-POSSESSION FINANCING FEE LETTERS

Real Mex Restaurants, Inc. ("RMR"), a Delaware corporation, and RMR's subsidiaries and other affiliates listed in footnote 1 below (collectively, with RMR, the "Debtors"), hereby move this Court for entry of an order, substantially in the form attached hereto as Exhibit B, authorizing the Debtors to file under seal certain fee letters collectively attached hereto as Exhibit A (the "Fee Letters"), by and among certain of the Debtors and General Electric Capital Corporation, GE Capital Markets, Inc. and certain other entities (together, the "Financing Parties") executed in connection with the proposed debtor in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' federal tax identification numbers, are: Real Mex Restaurants, Inc. (2902); RM Restaurant Holding Corp. (2217); Acapulco Mark Corp. (3570); Acapulco Restaurant of Downey, Inc. (2910); Acapulco Restaurant of Moreno Valley, Inc. (4606); Acapulco Restaurant of Ventura, Inc. (3626); Acapulco Restaurant of Westwood, Inc. (1162); Acapulco Restaurants, Inc. (4897); ALA Design, Inc. (8584); Chevys Restaurants, LLC (2992); CKR Acquisition Corp. (8287); El Paso Cantina, Inc. (0112); El Torito Franchising Company (2754); El Torito Restaurants, Inc. (7059); Murray Pacific (1596); Real Mex Foods, Inc. (8585); and TARV, Inc. (8081). The Debtors' headquarters and mailing address is: 5660 Katella Avenue, Suite 100, Cypress, CA 90630.

possession financing facility (the "DIP Facility").² In support of this Motion, the Debtors respectfully state as follows:

## Jurisdiction

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of these proceedings and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and rules 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Background

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to Sections 1107(a) and 1108. No trustee, examiner or statutory committee has been appointed in these Chapter 11 cases.

3. The Debtors own and operate restaurants primarily under the trade names El Torito Restaurant, Chevys Fresh Mex, and Acapulco Mexican Restaurant y Cantina. As of June 26, 2011, the Debtors (a) operated 178 restaurants, of which 149 are located in California and the remainder in 11 other states, and (b) franchised or licensed 30 restaurants in ten states and two foreign countries. Debtor Real Mex Foods, Inc. ("RMF") provides production, purchasing and

---

² The Debtors are seeking authority to enter into the DIP pursuant to *Debtors' Motion for Order: (i) Authorizing Debtors to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, and 364(d), and Use Cash Collateral Pursuant to 11 U.S.C. § 363; (II) Granting Adequate Protection to Pre-Petition Secured Parties Pursuant to 11 U.S.C. §§ 361, 362, 363 and 364; and (III) Scheduling Interim and Final Hearings Pursuant to Bankruptcy Rules 4001(b) and (c)* (the "DIP Motion"), filed on the date hereof.

2

distribution services for the restaurant operations, and manufactures products for sale to outside customers. Additional information regarding the business operations of the Debtors can be found in the Dutkiewicz Declaration.

4. Debtor RMR is a wholly owned subsidiary of Debtor RM Restaurant Holding Corp. ("Holdco"). A chart showing the ownership structure of the Debtors is included in the Dutkiewicz Declaration.

5. RMR is the borrower or issuer, and the other Debtors are guarantors, under several credit facilities (the "Credit Facilities"). Specifically, as of the Petition Date, the Debtors owed:

   a. approximately $37.4 million (of which $19.9 million constitutes contingent reimbursement obligations in connection with issued but undrawn letters of credit) under a senior secured credit facility that provides up to $17.5 million of revolving credit and $22.5 million of letter of credit availability;

   b. approximately $130 million under a senior secured notes issuance; and

   c. approximately $34.6 million under an unsecured credit facility.

6. Debtor Holdco separately owes approximately $38.8 million under an unsecured credit facility.

7. Additional background information and facts regarding the Debtors and the DIP Facility can be found in the concurrently filed declarations of Richard P. Dutkiewicz and Marc A. Bilbao.

## Relief Requested

8. Pursuant to the Fee Letters, the Debtors have agreed to keep the specific terms of the Fee Letters confidential. Accordingly, the Debtors respectfully request the entry of an order,

substantially in the form attached hereto as Exhibit B, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Bankruptcy Rule 9018-1, authorizing the Debtors to file the Fee Letters under seal and directing that the Fee Letters shall remain under seal and confidential and not be made available to anyone without the consent of the Debtors and the Financing Parties or further order from the Court. The Debtors have provided a copy of the Fee Letters, on a confidential basis, to the United States Trustee for the District of Delaware and will provide Fee Letters, upon request, to counsel and financial advisors to any statutory committee appointed in these cases on a confidential and "professionals' eyes only" basis; moreover, the estimated aggregate amount of fees and expenses payable by the Debtors in connection with the DIP Facility are disclosed in the DIP Motion and are thereby made a matter of public record.

## Basis for Relief

9.  Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, pursuant to section 107(b) of the Bankruptcy Code, the Court may authorize the Debtors to file the Fee Letters under seal by permitting the issuance of orders that protect entities from potential harm that may result from the disclosure of certain confidential information. 11 U.S.C. § 107(b). Specifically, section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*

10.  Rule 9018 of the Bankruptcy Rules sets forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal. Rule 9018 of the

4

Bankruptcy Rules provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . ." Fed. R. Bankr. P. 9018.

11. Further, Rule 9018-1(b) of the Local Rules provides, in relevant part, that "[a]ny party who seeks to file documents under seal must file a motion to that effect." Del. Bankr. L.R. 9018-1(b).

12. Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." See, e.g., Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.), 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." Orion Pictures, 21 F.3d at 27. Moreover, the resulting order should be broad (i.e., "any order which justice requires"). In re Global Crossing, Ltd., 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." Orion Pictures, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." Global Crossing, 295 B.R. 724.

13. Commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. See Orion Pictures, 21 F.3d at 28

5

(finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

14. Here, the terms of the Fee Letters are the product of extensive, good-faith arm's-length negotiations. Pursuant to the Fee Letters, the Debtors agreed to keep the terms confidential. The Debtors submit that the Fee Letters contain closely-guarded proprietary and commercial information that is highly sensitive to the Financing Parties and the Debtors. As such, disclosure of the terms of the Fee Letters would cause substantial harm to the Financing Parties, create an unfair advantage to competitors, and violate the Debtors' agreement with the Financing Parties. The fee and expense reimbursement provisions provided for in the Fee Letters primarily fall into two categories: (i) compensation for credit risk and for the Financing Parties' risks in underwriting the facility; and (ii) compensation for the large, sophisticated team of credit, financial, marketing, legal and other experts necessary to assist with structuring and marketing this complex facility. The Fee Letters contain detailed proprietary information describing fees to be paid in connection with the DIP Facility, which information is customarily considered by the Financing Parties, in particular, as well as the finance lending industry, in general, to be highly-sensitive and confidential information not typically disclosed to the public or made available to other competing financial institutions. Given the highly competitive nature of the investment banking and lending industries, it is of the utmost importance that the details of the fee structures and allocations set forth in the Fee Letters be kept confidential so that competitors may not use the information contained therein to gain a strategic advantage in the marketplace. Accordingly, the Debtors respectfully submit that cause exists to file the Fee Letters under seal.

15. In addition, it is common practice for financial institutions and borrowers to execute fee letters such as the Fee Letters on a confidential basis. Courts in this district have authorized the filing of similar confidential financing documents under seal in other chapter 11 cases. See, e.g., In re Newpage Corporation, Case No. 11-12804 (KG) (Bankr. D. Del. Sep. 8, 2011) (authorizing the debtors file under seal DIP agreement fee letters) [Docket No. 78]; In re Nebraska Book Co., Inc., Case No. 11-12005 (PJW) (Bankr. D. Del. June 28, 2011) (authorizing the debtors to file under seal DIP agreement fee letters but requiring disclosure of the aggregate fees and expenses) [Docket No. 58]; In re Smurfit-Stone Container Corp., Case No. 09-10235 (BLS) (Bankr. D. Del. Feb. 14, 2010) [Docket No. 4139] (authorizing debtors to file under seal fee letter relating to exit term loan facility); In re Champion Enterprises, Inc., Case No. 09-14019 (KG) (Bankr. D. Del. Nov. 17, 2009) [Docket No. 51] (authorizing the filing under seal of letters regarding engagement and fees of lenders relating to DIP financing); In re Pliant Corp., et. al., Case No. 09-10443 (MFW) (Bankr. D. Del. June 11, 2009) [Docket No. 669] (authorizing the filing under seal of exit financing engagement letter containing confidential commercial information, including fee information); In re Tribune, et. al., Case No. 08-13141 (KJC), (Bankr. D. Del. Dec. 10, 2008) [Docket No. 62] (authorizing the filing under seal of fee letters containing confidential information); In re WCI Communities, Inc., et. al., Case No. 08-11643 (KJC) (Bankr. D. Del. Sept. 23, 2008) [Docket No. 411] (authorizing the filing under seal of a fee letter executed in connection with a proposed DIP credit facility); In re Portola Packaging, Inc., et. al., Case No. 08-12001 (CSS) (Bankr. D. Del. Sept. 22, 2008) [Docket No. 135] (authorizing the filing under seal of exit financing letter of intent containing confidential commercial information); In re Federal-Mogul Global Inc., T& N Limited, et. al., Case No. 01-10578 (JKF)

(Bankr. D. Del. Oct. 30, 2006) [Docket No. 10861] (authorizing the filing of amended DIP facility fee letter under seal).

## Notice

16. Notice of this Motion has been provided to the following parties or, in lieu thereof, to their counsel, if know: (i) Office of the United States Trustee and (ii) the agents for the Credit Facilities. As this Motion seeks first-day relief, notice of this Motion and an order entered thereon will be served on all parties as required by Local Rule 9013-1(m). The Debtors submit that, in light of the relief requested, no other or further notice need be provided.

## No Prior Request

17. No prior motion for the relief requested herein has been made to this or any other court.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: October 4, 2011

MILBANK, TWEED, HADLEY & McCLOY LLP
Mark Shinderman (CA Bar No. 136644)
Fred Neufeld (CA Bar No. 150759)
Haig M. Maghakian (CA Bar No. 221954)
601 South Figueroa Street, 30th Floor
Los Angeles, CA 90017-5735
Telephone: 213-892-4000
Facsimile: 213-629-5063
Email: mshinderman@milbank.com
fneufeld@milbank.com
hmaghakian@milbank.com

and

PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones
Laura Davis Jones (DE Bar 2436)
Curtis A. Hehn (DE Bar No. 4264)
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705
Telephone: 302-652-4100
Facsimile: 302-652-4400
Email: ljones@pszjlaw.com
chehn@pszjlaw.com

Proposed Counsel for Debtors
and Debtors in Possession