IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| REAL MEX RESTAURANTS, INC., *et al.*, | ) | Case No. 11-13122 (BLS) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors.[1] | ) | |
| | ) | *Related To Docket No. 16* |

**FINAL ORDER AUTHORIZING PAYMENT OF SECTION 503(b)(9)
CLAIMS AND CERTAIN OBLIGATIONS FOR THE
POSTPETITION DELIVERY OF GOODS AND SERVICES**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an order: (i) authorizing, but not requiring, the Debtors to pay all administrative expense claims arising under section 503(b)(9) of the Bankruptcy Code with respect to goods received by the Debtors in the ordinary course of business within the twenty day period immediately prior to the Petition Date (as such term is defined herein); (ii) authorizing, but not requiring, the Debtors to pay their obligations for the postpetition delivery of goods and provision of services received due to prepetition purchase orders made in the ordinary course of their business; and (iii) granting certain related relief; and it appearing that jurisdiction is proper pursuant to 28 U.S.C. §§ 157 and 1334 as is venue pursuant to 28 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each of the Debtors' federal tax identification numbers, are: Real Mex Restaurants, Inc. (2902); RM Restaurant Holding Corp. (2217); Acapulco Mark Corp. (3570); Acapulco Restaurant of Downey, Inc. (2910); Acapulco Restaurant of Moreno Valley, Inc. (4606); Acapulco Restaurant of Ventura, Inc. (3626); Acapulco Restaurant of Westwood, Inc. (1162); Acapulco Restaurants, Inc. (4897); ALA Design, Inc. (8584); Chevys Restaurants, LLC (2992); CKR Acquisition Corp. (8287); El Paso Cantina, Inc. (0112); El Torito Franchising Company (2754); El Torito Restaurants, Inc. (7059); Murray Pacific (1596); Real Mex Foods, Inc. (8585); and TARV, Inc. (8081). The Debtors' headquarters and mailing address is: 5660 Katella Avenue, Suite 100, Cypress, CA 90630.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

1

#4822-5210-2413

1408 and 1409; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having previously granted the relief sought in the Motion on an interim basis pursuant to the *Interim Order Authorizing Payment of Section 503(b)(9) Claims and Certain Obligations for the Postpetition Delivery of Goods and Services* [Docket No. 73]; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby:

ORDERED that the Motion is GRANTED on a final basis, as set forth herein; and it is further

ORDERED that the Debtors are authorized, but not required, to pay amounts owed for the 503(b)(9) Claims in the ordinary course of business as and when they come due, in an aggregate amount not to exceed $5 million; and it is further

ORDERED that, commencing with the first full calendar week following the entry of this Order, the Debtors shall deliver to counsel to the creditors' committee on or before the last business day of each calendar week a report (each, a "503(b)(9) Report") identifying (i) each 503(b)(9) Claimant that received payment on a 503(b)(9) Claim (each, a "503(b)(9) Payment") during the immediately preceding calendar week and (ii) the amount of each 503(b)(9) Payment; provided that the first 503(b)(9) Report shall identify all 503(b)(9) Payments made since the Petition Date; and it is further

#4822-5210-2413

ORDERED that the Debtors are authorized, but not required, to pay any and all undisputed obligations to the postpetition suppliers of goods and services incurred in the ordinary course of the Debtors' business under prepetition Purchase Orders ("Supplier"), in an aggregate amount not to exceed $3 million; and it is further

ORDERED that, at their discretion, the Debtors are authorized to require each 503(b)(9) Claimant and/or Supplier to agree to (a) continue to supply goods and services to the Debtors post petition on trade terms substantially similar or better than those provided to the Debtors prior to the Petition Date, (b) execute a written acknowledgement that provides that any future purchase orders will be subject to the agreed trade terms, (c) remove any mechanics' liens, possessory liens, or similar state law trade liens obtained from the 503(b)(9) Claims and/or Purchase Orders, (d) submit to the Court's jurisdiction in resolving all disputes arising under or related to the payment of the 503(b)(9) Claim or Purchase Order, and (e) certain other provisions as agreed between the Debtors and each 503(b)(9) Claimant or Supplier; and it is further

ORDERED that the Debtors may demand the repayment of the 503(b)(9) Claim and/or Purchase Order without giving effect to any rights of setoff, claims, provision for payment of reclamation or trust fund claims, or otherwise if, following receipt of payment of its 503(b)(9) Claim and/or Purchase Order, a 503(b)(9) Claimant or Supplier refuses to supply goods and services in accordance with the agreed trade terms; and it is further

ORDERED that nothing in the Motion or this Order, nor the Debtors' implementation of the relief granted in this Order: (a) shall be deemed to modify or waive any of the Debtors' rights with respect to goods and services requested or received from the 503(b)(9)

#4822-5210-2413

Claimants and Suppliers, including the Debtors' rights to: (i) cancel any Purchase Order, (ii) decline the acceptance of goods and services, (iii) return any defective, nonconforming or unacceptable goods, or (iv) contest the amount of any invoice or claim on any grounds; or (b) may be construed to: (i) be a promise or guarantee of payment of any claim or group of claims or (ii) modify, create or expand any rights of the Suppliers or 503(b)(9) Claimants under the Bankruptcy Code or otherwise; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this order; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice; and it is further

ORDERED that, notwithstanding anything to the contrary contained herein, (a) any payment made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any order approving debtor-in-possession financing and allowing use of cash collateral (a "DIP Order") entered in these Chapter 11 Cases, including the Approved Budget (as defined in the DIP Order), and (b) any claim for which payment is authorized pursuant to this Order that is treated as an administrative expense of the Debtors' estates shall be and is subject and subordinate to any and all claims, liens, security interests and priorities granted to the DIP Lenders and the DIP Agent (as defined in the DIP Order), and to the Prepetition First Lien Secured Agent and Prepetition First Lien Secured Parties (as defined in the DIP Order) as adequate protection for the use of their cash collateral pursuant to, in accordance

#4822-5210-2413

with and subject to the terms of the applicable DIP Order, and payment on any such claim shall be subject to any and all restrictions on payments in the DIP Order and any other order of the Court authorizing the Debtors' use of cash collateral; and it is further

ORDERED that, notwithstanding the possible applicability of Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and its is further

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order

Dated: November 2, 2011

*(signature)*
The Honorable Brendon L. Shannon
United States Bankruptcy Judge

#4822-5210-2413